Joseph *v.* New York Life Insurance Co., Appellant.

Argued October 8, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*A. G. Dickson,* for appellant.

*Charles Green,* for appellee.

OPINION BY TREXLER, P. J., March 5, 1932:

This suit in assumpsit was brought by Bessie Joseph against the New York Life Insurance Company, claiming as beneficiary under a policy of insurance in the sum of $2,000 on the life of her husband, Leonard L. Joseph, who until his death was a resident of Camden, N. J.

On October 29, 1929, while the policy was in force, Joseph was adjudged a bankrupt and a trustee in bankruptcy was appointed. Joseph claimed his exemption and certain articles to the amount provided by law were allotted to him. The policy of insurance in question was turned over to the trustee by the attorney for the bankrupt. The trustee, thereupon demanded of the bankrupt the cash surrender value of the policy which was refused, the trustee then turned the policy over to the insurance company which cancelled it and paid the trustee the cash surrender value.

On December 8, 1930, the insured died and if the attempted cancellation is ineffective, the extension of the life of the policy under its terms carried it beyond the date of the death of the insured. The widow of Joseph and the beneficiary under the policy, claiming that all of the above transaction between the trustee

24

and the company was unauthorized and of no effect, brought this suit to recover the amount of the policy. The case is presented on the pleadings, the lower court having entered judgment against the defendant for want of a sufficient affidavit of defense.

The Act of Legislature of New Jersey, P. L. 1902, page 422, section 38, provides that the beneficiary's rights in an insurance policy shall be superior to those of creditors and of representatives of the insured, with a proviso as to premiums paid in fraud of creditors. Paragraph 39 of the same act provides: ''Every policy of life insurance made payable to or for the benefit of a married woman, or after its issue, assigned, transferred or in any way made payable to a married woman or to any person in trust for her or for her benefit whether procured by herself, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person, shall inure to her separate use and benefit and to that of her children according to the terms and provisions of the policy or assignment subject to the above provisions relating to premiums paid in fraud of creditors.''

Appellant admits ''that under the law of New Jersey a policy of insurance payable to the wife of a bankrupt is exempt and that, if proper claim for exemption had been made by the bankrupt for the setting aside of this policy as exempt, it would have been the duty of the trustee in bankruptcy to recognize the exemption and to have set it aside for the benefit of the bankrupt and his wife.''

We are at a loss to see how the mere physical transfer of the policy without any endorsement to the trustee in bankruptcy can affect the rights of the wife or divest her interest in the policy. Insured may have had the right to change the beneficiary or to surrender the policy, but it is very apparent that he did neither.

The policy never became part of the bankrupt's estate. The insurance company had no warrant by reason of the policy being produced to pay the surrender value to the trustee. It is argued that they had a right to rely upon the official act of the trustee, but it was not within his official duty to interfere with the rights of the beneficiary under the policy. Anything that he might do could not deprive the wife of her right nor estop her in the assertion of it after the death of her husband. It would seem that there is no reason to cite authority in support of this statement. The lower court refers to Farmers Coal & Supply Co. v. Albright, 90 N. J. E. 13; Anderson v. Broad St. National Bank, 90 N. J. E. 82; Louis Pinals, Bankrupt, A. B. R. (W. S.) 646.

We are all of the opinion that the judgment should be affirmed.